IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22-CR-00048-03-DGK |
| ) | |
| NOVEMBER GARDNER, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS**

Now before the Court is Defendant's Motion to Dismiss Counts Seven and Nine of the Superseding Indictment, ECF No. 483, and Magistrate Judge Jill A. Morris' Report and Recommendation recommending the motion be denied, ECF No. 583. Defendant has objected. ECF No. 615.

In Counts Seven and Nine of the Superseding Indictment, Defendant was charged as an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Defendant seeks to dismiss Counts Seven and Nine on two grounds arguing: (1) § 922(g)(3) is unconstitutionally vague and violates the Due Process Clause of the Fifth Amendment; and (2) § 922(g)(3) violates the Second Amendment because it is inconsistent with the Nation's historical tradition of firearm regulation. Defendant's § 922(g)(3) challenges are both facial and as applied.

On vagueness, the Magistrate found Defendant's claim was premature because it required factual determinations that would invade the province of the jury. R. & R. at 5, ECF No. 583. On Defendant's Second Amendment claim, the Magistrate followed the two-step process outlined in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and discussed Eighth

Circuit precedent holding "§ 922(g)(3) is the type of longstanding prohibition on the possession of firearms that *Heller* declared presumptively lawful." *United States v. Seay*, 620 F.3d 919, 825 (8th Cir. 2010) (cleaned up); R. & R. at 9.

Defendant raises two objections to the Report and Recommendation. First, Defendant argues his vagueness challenge is ripe because he did not know he was a "user of" or "addicted" to a controlled substance at the time he possessed the firearm, and §§ 922(g) and 924(a)(4) require the Government to prove knowledge of the offense. Def.'s Objs. at 2–3, ECF No. 615. However, determining what Defendant knew and when he knew it is a factual determination for the trier of fact. Accordingly, Defendant's vagueness claim is premature.

Second, Defendant argues the Magistrate erred at both steps of the *Bruen* analysis. Primarily, Defendant objects to the Magistrate applying *Seay* at step two because *Seay* predates *Bruen*.[1] *See* Def.'s Objs. at 5–6. But Defendant has failed to show that *Seay* is no longer controlling law after *Bruen*. And absent the Eighth Circuit caselaw finding *Bruen* overturned its holding in *Seay*, the Court must view *Seay* as controlling authority.[2]

Accordingly, the Court ADOPTS the Report and Recommendation and DENIES Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Date: November 21, 2023      /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendant also objects to the Magistrate's finding at step one that he "is not a law-abiding citizen, and, consequently, not considered within the scope of 'we the people'" for Second Amendment purposes. *See* Def.'s Objs. at 3–5. Even if Defendant falls within the scope of "we the people," his Second Amendment challenge still fails because *Seay* applies at step two.

[2] Further, persuasive authority suggests § 922(g)(3) is constitutional even under *Bruen*'s historical analysis. *See United States v. Hart*, No. 22-00114-CR-W-HFS, 2023 WL 4144834, at *1 nn. 1–2 (W.D. Mo. June 6, 2023) (collecting cases), R. & R. adopted, 2023 WL 4141044 (W.D. Mo. June 22, 2023).

.